*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | |
| JOHN DAHLGREN | : | Chapter 13 |
|     Debtor. | : | Case No. 09-18982 (RTL) |
| | : | |
| JOHN DAHLGREN, | : | Civil Action No. 10-1988 (FLW) |
|     Plaintiff-Appellant, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| REGINA PALONE, | : | |
|     Defendant-Appellee. | : | |
| | : | |

**WOLFSON, United States District Judge**:

    This matter comes to the Court by way of motion for reconsideration filed by Appellant John Dahlgren ("Dahlgren" or the "Debtor"). Appellant seeks reconsideration of the Court's December 16, 2010 Order, which denied Debtor's appeal and affirmed the Order of the Bankruptcy Court. The Court affirmed the Order of the Bankruptcy Court because the Rooker-Feldman doctrine prevents both the Bankruptcy Court and this Court from exercising jurisdiction over the partition of the property, which was the basis for the Debtor's proposed chapter 13 reorganization plans. Additionally, this Court held that the Bankruptcy Court was within its discretion to impose sanctions since the Debtor twice submitted reorganization plans that were patently unconfirmable based on their proposed treatment of Palone's interest in the Property.

I.      BACKGROUND

Because the parties are familiar with the factual background of this matter, the Court will only recount the facts necessary for disposition of the instant motion.

As noted in this Court's December 16th Opinion, Dahlgren and Defendant-Appellee Regina Palone ("Palone") began a romantic relationship in the mid 1990s. Although the couple never married, over the course of their relationship they purchased several properties together. On August 3, 2001, Dahlgren and Palone purchased the property at issue in this motion, residential/farm property in Monmouth County, New Jersey (the "Property"). The couple financed the purchase of the Property with a cash contribution by Dahlgren and with two separate mortgages. The first mortgage names both Dahlgren and Palone as the mortgagors, and the second names only Palone. The deed to the Property lists both parties together, with no identification of ownership percentage.

In 2005 the relationship soured. Three years of dispute ensued, and in 2008, Palone filed a partition action in the New Jersey Superior Court ("State Court"). On October 14, 2008, the State Court approved Palone's request for a partition of the Property ("Sale Order"). Through the Sale Order, the State Court directed the sale of the Property, with the proceeds placed into a trust account until the appropriate allocation of the proceeds between Dahlgren and Palone could be determined at a later hearing.

On April 9, 2009, Dahlgren filed a petition in the instant chapter 13 bankruptcy, automatically staying all other legal proceedings involving Dahlgren, including the State Court proceedings of the Sale Order and the scheduled allocation hearing. Dahlgren's petition treated Palone as a creditor as opposed to a co-owner of the Property. In response to Dahlgren's bankruptcy petition, Palone filed a proof of claim of her co-ownership interest in the Property with the Bankruptcy Court, as well as a motion to dismiss the petition as a bad faith filing.

The Bankruptcy Court issued the Bankruptcy Opinion on November 9, 2009, denying both Palone's motion to dismiss, and Dahlgren's proposed chapter 13 reorganization plan. In its Opinion, the Bankruptcy Court acknowledged that "the timing of the Debtor's bankruptcy petition and apparent forum shopping [were] suspicious," but nonetheless held that the filing "did not rise to the level of bad faith as construed by the Third Circuit." Bankruptcy Opinion at 8. In addition, the Bankruptcy Court reasoned, dismissal at that stage was not in the interest of Dahlgren's other creditors.

Importantly, the Bankruptcy Court further held that Dahlgren's plan proposed to treat Palone's interest in the Property as that of a creditor in bankruptcy, rather than that as a co-tenant owner, rendering the plan "patently unconfirmable." Id. at 16. The Bankruptcy Court reasoned that it "would not be justified in confirming a plan that abrogates the [State Court Sale Order]." Id. at 14. In the Bankruptcy Court's view, "[n]either the Bankruptcy Code nor existing state law authorize[d] the remedy proposed in Debtor's plan, i.e., the forced sale to him of [Palone's] interest in the farm. The Debtor missed his opportunity to ask the state court to fashion such a remedy and the state court has already ordered the sale of the farm." Id. at 15-16. The Bankruptcy Court did not dismiss Dahlgren's case at that time, but instead gave Dahlgren leave to file another reorganization plan.

Dahlgren filed a modified chapter 13 reorganization plan on November 24, 2009. Dahlgren's modified plan proposed the same treatment of Palone's interest in the Property as under the prior plan. As a result, the Bankruptcy Court again denied confirmation of Dahlgren's modified plan, and instead, on December 15, 2009, issued an order vacating the automatic stay with regard to the State Court action. That same day, Palone moved for sanctions against Debtor's counsel.

Agreeing with Palone that sanctions were appropriate, the Bankruptcy Court imposed sanctions on Debtor's counsel for attorney's fees and costs, noting, *inter alia*:

> The fact that I said that the petition wasn't filed in bad faith, which was an extremely close call, and that I didn't dismiss for bad faith because it wasn't in the interests of the creditors, doesn't absolve you from 9011 sanctions.

December 15 Hearing Tr., 24:4-8. The Bankruptcy Court subsequently held a hearing to determine the amount of sanctions, and concluded that $12,500 in fees, as well as $400 in costs was appropriate.

Thereafter, the parties returned to State Court and, ultimately, settled the partition action in July of 2010. Per the settlement, the parties entered into a consent judgment that allotted Palone $57,500. The consent judgment, further, dictated that the property be either refinanced or sold by July 21, 2010. Dahlgren then appealed the Bankruptcy Court's sanctions ruling. This Court concluded that the Bankruptcy Court did not abuse its discretion in imposing sanctions because the Bankruptcy Court properly concluded that the <u>Rooker</u>-<u>Feldman</u> doctrine precluded it from confirming Debtor's proposed reorganization plan.

This Court issued an Opinion on December 16, 2010, which denied Debtor's appeal and affirmed the Order of the Bankruptcy Court. This Court determined that the <u>Rooker</u>-<u>Feldman</u> doctrine prevents both the Bankruptcy Court and this Court from exercising jurisdiction over the partition of the property. Additionally, this Court held that the Bankruptcy Court was within its discretion to impose sanctions since the Debtor twice submitted reorganization plans that were patently unconfirmable based on their proposed treatment of Palone's interest in the Property. Now before this Court is Appellant's motion for reconsideration. Appellant argues that reconsideration is warranted because: (a) the court did not review all the documents necessary to make a ruling, (b) Dahlgren did challenge the monetary amount of the sanctions and does argue that the fees were excessive, and (c) the Bankruptcy Court did not rely on <u>Rooker</u>-<u>Feldman</u> doctrine when it issued its Opinion.

II.    STANDARD OF REVIEW

When the District Court is acting as an appellate court in a Bankruptcy case, "[b]ankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing." In re Lisanti Foods, Inc., No. 04-3868, 2006 WL 2927619, *4 (D.N.J. Oct. 11, 2006) (quoting, Matter of Eichelberger, 943 F.2d 536, 538 (5th Cir. 1991)). See also In re Rashid, 210 F.3d 201, 204-05 (3d Cir. 2000) superceded by statute on other grounds as stated in In re Thompson, 418 F.3d 362 (3d Cir. 2005). Rule 8015 provides:

> [A] motion for rehearing may be filed within fourteen days after entry of judgment of the district court.... If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

Bankr.Rule 8015.  While Rule 8015 provides a mechanism for rehearing bankruptcy rulings, it does not set forth standard of review for such motions.

The Third Circuit also has not articulated a standard for when rehearing under Rule 8015 should be granted.  However, two district courts within the Third Circuit (consistent with courts in other jurisdictions) have adopted such a standard.  See In re New Century TRS Holding Inc., Civ. No. 08-546, 2009 WL 1833875, 1 (D. Del June 26, 2009); In re Lisanti Foods, 2006 WL 2927619 at *4.  That court in In re Lisanti Foods held that the standard applicable to an appellee's motion for rehearing should be "the test traditionally used to evaluate motions for reconsideration."  2006 WL 2927619 at *4.  That test is whether: "(1) the court has "patently misunderstood a party," (2) the court has "made a decision outside the adversarial issues presented ... by the parties;" (3) the court has "made an error not of reasoning but of apprehension;" or (4) there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." Id. at * 4 (internal quotation marks omitted).

In adopting this standard, the court in In re Lisanti Foods explains that "[t]he Third Circuit has repeatedly emphasized that the 'unique considerations in bankruptcy cases,' Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir.2000), require quick and efficient resolution of 'issues central to the progress of the bankruptcy petition.'" Century Glove, Inc. v. First Am. Bank, 860 F.2d 94, 98 (3d Cir. 1988).  Moreover, as In re Lisanti Foods notes, "the Third Circuit has adopted special finality rules to expedite the resolution of such issues." Id. (citations omitted).  Consequently, "[r]equiring parties to go through a lengthy appeals process to raise issues of manifest injustice, a change in applicable law, or newly available facts, when the issue could be resolved by way of a motion for relief in the district court, would run counter to the Third Circuit's well-established broad concept of finality." Id.  This Court finds In re Lisanti Foods' reasoning persuasive, and will join that court in adopting the traditional motion for reconsideration standard.

III.   DISCUSSION

Dissatisfied with this Court's prior ruling, Appellant asserts that a motion for rehearing is appropriate and necessary to fulfill the judicial and public policies of fairness, due process, and justice.  In support of this contention, Appellant makes three central arguments: (1) the Court issued its December 16, 2010 Opinion without reviewing all of the items designated as the record on appeal; (2) the Bankruptcy Court did not cite the Rooker-Feldman doctrine in its Opinion and therefore could not have relied upon the Rooker-Fedman doctrine when issuing its Opinion; (3) the District Court's Opinion did not address the Appellant's challenge to the amount of attorney's fees. The Court is not persuaded by any of these arguments.

The first argument in support of Appellant's motion for rehearing alleges that the Court's December 16, 2010 Opinion was issued without reviewing the entire record, referring to certain

6

documents that the Court noted, in the December 16th Opinion, as absent from Appellant's exhibits before this Court. First, everything that Counsel submitted to this Court for review was thoroughly examined. Furthermore, it is the responsibility of the Appellant to provide the Clerk of the District Court with all papers and transcripts upon which he wishes to rely in support of his appeal.  Federal Rule 11(a) of Appellate Procedure provides:

> An appellant filing a notice of appeal *must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record.*[1]

Fed. R. App. P. 11(a). (emphasis added).

Moreover, it is the Appellant's responsibility to ensure that the record on appeal is complete. "The Appellant is required to provide a record to support the claims it makes on appeal." Shell Petroleum Inc. v. U.S., 182 F.3d 212, 218 n. 13 (3d Cir. 1999). As stated by the First Circuit, "it is the Appellant who must bear the brunt of an insufficient record on appeal."  Real v. Hogan, 828 F.2d 58, 60 (1st Cir. 1987). Therefore, because it is the Appellant's responsibility to ensure that he properly and completely filed everything that he wished the Court to review, and Appellant's counsel candidly admits that he failed to do so, see Shaver Afft., ¶¶ 5-6 ("I did not send paper copies of all of the items designated to be included in the record on appeal to the Court . . . I must have overlooked [the docket entry directing me to furnish paper copies] when it was sent."), Appellant's argument for a rehearing on this basis is denied.

The Appellant also argues that when the Bankruptcy Court issued its Opinion it did not rely on the Rooker-Feldman doctrine, by name, as a basis for its holding. This Court disagrees with Appellant's assertion. As noted in this Court's initial opinion, even if the Bankruptcy Court did not specifically mention the Rooker-Feldman doctrine as the basis for its analysis, it is apparent that the

---

[1]     Rule 10(b) deals with the Appellant's duty to order a transcript of the proceedings within 14 days after filing the notice of appeal.

Bankruptcy Court denied the Debtor's plans by applying the Rooker-Feldman doctrine. More to the point, the Appellant has not met his burden of proof by providing the Court with any indication that this aspect of the Court's ruling was improperly decided in the first instance.

On a motion for rehearing, the Appellant's motion should only be granted if: "(1) the court has "patently misunderstood a party," (2) the court has "made a decision outside the adversarial issues presented ... by the parties;" (3) the court has "made an error not of reasoning but of apprehension;" or (4) there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." In re Lisanti Foods, Inc., at *4 (internal quotation marks omitted). Here, the Appellant has simply made an assertion that because the Bankruptcy Court did not mention the Rooker-Feldman doctrine by name that the Bankruptcy Court did not apply the reasoning of the doctrine. As noted in this Court's December 16th Opinion, the Bankruptcy Court clearly employed a Rooker-Feldman style analysis, although it did not explicitly reference the doctrine. In ruling that Dahlgren's proposed plan was unconfirmable because it would undermine the final order rendered in state court directing that the parties' farm be sold, the Bankruptcy Court reasoned that it "would not be justified in confirming a plan that abrogates the [State Court Sale Order]." Bankruptcy Opinion at 14. This statement clearly reflects the essence of the Rooker-Feldman doctrine, which bars:

> cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [bankruptcy] court proceedings commenced and inviting [bankruptcy] court review and rejection of those judgments.

Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). Accord Pondexter v. Allegheny County Housing Auth., 329 Fed.Appx. 347, 350 (3d Cir. 2009) ("The District Court correctly determined that it lacked jurisdiction under the Rooker - Feldman doctrine to consider

certain of [the plaintiff's] claims . . ., which would *undermine the state court's judgment* ….") (emphasis added).

The Appellant has not presented the Court with any new cases or supported reasoning to indicate that the Court has "patently misunderstood a party," that the Court has made a decision outside the adversarial issues presented, that the court has made an error not of reasoning but of apprehension, or that there has been a "controlling or significant change in the law or facts." Therefore, because the Appellant has failed to present the Court with any new cases, information, or circumstances the Court denies Appellant's motion for rehearing on this basis.

The last argument presented by Appellant is that the Court improperly concluded that Appellant was not challenging the monetary amount of the sanctions, which amount represents the $12,500 in attorney's fees Appellee incurred in responding to Dahlgren's motions, as well as $400 in costs. Appellant contends that he challenged the monetary amount in Point II of his brief.  Upon reviewing that section of Appellant's brief, however, the Court does not find Appellant's characterization of its brief persuasive. In Point II, Appellant simply asserted that the Bankruptcy Court improperly employed Rule 9011 as a fee-shifting device. Moreover, Appellant presented no argument as to why the $12,900 amount was excessive, and tellingly, Appellant did not challenge the hourly rate charged by his opposing counsel or the number of hours expended.

Accordingly, for the foregoing reasons, the Appellant has failed to meet his burden for demonstrating that rehearing is required. The request for rehearing is denied.

Dated: June 1, 2011                                         /s/ Freda Wolfson_____
                                                           Honorable Freda L. Wolfson
                                                           United States District Judge