## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BROEGE, NEUMANN, FISHCER & SHAVER, L.L.C. AND DAVID E. SHAVER, ESQ., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellants, | : | |
| v. | : | Civil Action No. 11-5230 (FLW) |
| REGINA PALONE, | : | |
| Defendant-Appellee. | : | |
| JOHN DALHGREN, | : | |
| Appellant, | : | |
| v. | : | Civil Action No. 10-1988 (FLW) |
| REGINA PALONE, | : | |
| Appellee, | : | |

This matter having been opened to the Court by way of motion of David E. Shaver, Esq., counsel for Appellants Broege, Neumann, Fischer, & Shaver, L.L.C. and David E. Shaver, ("Appellants"), appealing, pursuant to 28 U.S.C. § 158(a)(1), the July 21, 2011 decision of Bankruptcy Judge Raymond T. Lyons, Jr., which decision denied Appellants' oral motion for a stay pending appeal and imposed $3,000 in sanctions against Mr. Shaver; it appearing that:

1. The instant matter arises out of Appellants' prior appeal of a February 16, 2010 decision

by the Bankruptcy Court, in which decision Judge Lyons sanctioned Appellants in the amount of $12,900 for David Shaver's conduct in an adversary proceeding between Regina Palone ("Defendant-Appellee") and John Dahlgren, Mr. Shaver's client.  This Court affirmed the Bankruptcy Court's decision by way of an opinion dated December 16, 2010.  Appellants then moved to reconsider this Court's affirmance; the Court denied that motion on June 1, 2011.  Thereafter, on June 30, 2011, Appellants appealed this Court's denial of their motion for reconsideration to the Third Circuit.  Throughout this time frame, Appellants did not remit the $12,900 sanctions amount to Defendant-Appellee.

      2. Meanwhile, on June 15, 2011, William J. Oliver, Esq., counsel for Defendant-Appellee, filed a motion to enforce the February 16, 2010 sanctions order in the Bankruptcy Court.  In that motion, Defendant-Appellee sought additional fees for the time Mr. Oliver spent in seeking to enforce the February 16, 2010 judgment.  Mr. Oliver's certification in support of the motion requested $4,248.75 in fees, and detailed the time spent and tasks he completed.  The motion was returnable on July 5, 2011.

      3. The Bankruptcy Court decided the motion by telephonic hearing on July 14, 2011.  At the hearing, Appellants requested that they be permitted to post security while the appeal to the Third Circuit was pending. Specifically, they proposed placing the full amount of the award—$12,900–in Mr. Oliver's trust account to "provide security for the eventual payment . . . [a]nd we'll await the Third Circuit ruling on the underlying merits."  July 14, 2011 Transcript ("Tr.") 2:20-3:4.  The Bankruptcy Court denied Appellants' request, reasoning "[w]ell, I'm not inclined to issue a stay pending appeal.  I think the order is enforceable, it should have been complied with.  So, I'm going to grant [Defendant-Appellee's] motion to enforce my prior fee award."  Id. at 4:12-15.

4. The Bankruptcy Court, further, awarded an additional $3,000 in fees "for the expense of enforcing the [February 16, 2010] sanction order ...." Id. at 5:21-24.  While Mr. Oliver had submitted a certification detailing his proposed fee award of $4,248.75, the Bankruptcy Court engaged in a colloquy with Mr. Oliver regarding what would be an appropriate fee:

> THE COURT: . . . And how much are you requesting for the filing of this motion, Mr. Oliver?
>
> MR. OLIVER: I'll leave that to Your Honor's discretion.
>
> THE COURT:  All right, $500. Is that sufficient?
>
> MR. OLIVER: Probably, we submitted a bill for 4,000.  But you know, that was including an appearance any everything.  But whatever Your Honor believes is –
>
> THE COURT: Well, tell me if I'm missing something.  Because –
>
> MR. OLIVER: We filed in a certification showing the amount of time we spent on this case dealing with Mr. Shaver in trying to get him to abide by the Court's order. There's correspondence and telephone calls.
>
> \*                                  \*        \*

>MR. OLIVER: It came to 11 hours. But of course that included three hours of court, so it came to, it would be like eight hours of work.
>
>THE COURT: And what's your hourly rate?
>
>MR. OLIVER: 375 is what she agreed to pay me.
>
>THE COURT: Okay, so.
>
>MR. OLIVER: We submitted a certification in support of that.
>
>THE COURT: All right, so that's $3,000. All right, so I'm going to award an additional $3,000 to Ms. Palone for the expense of enforcing the sanction order that I had entered previously. You can submit an additional order for that.
>
>As to your remedy, if the law firm doesn't come up with the money, you can submit a form of judgment. And you can use the offices of the Marshall or whatever remedies a judgment creditor has to enforce, for Ms. Palone to enforce that sanction order. All right?

Id. at 4:14-6:4.

    5. Following the July 14, 2011 telephonic hearing, the Bankruptcy Judge entered an Order on July 21, 2011 directing "David Shaver, Esq." to pay the $12,900 sanction amount to Defendant-Appellee within five days of the date of that order. The July 21, 2011 Order also granted the $3,000 in additional sanctions.

    6. Thereafter, on August 1, 2011, Appellants filed an emergent motion pursuant to Federal Rule of Civil Procedure 62(d) in this Court, seeking leave to deposit $15,900 in cash with the Clerk

of the United States District Court, in lieu of a supersedeas bond, as security for payment of the $12,900 February 16, 2010 sanctions order as well as the $3,000 July 21, 2011 sanctions order.  That motion was filed in the original appeal to this Court from the February 16, 2010 bankruptcy decision, i.e., Docket No. 10-1988.

7.  In addition, Appellants appealed the Bankruptcy Court's July 21, 2011 sanctions ruling to this Court by way of a Notice of Appeal dated July 21, 2011, in Docket No. 11-5230.  I entered a text order in Docket No. 10-1988, on August 16, 2011, instructing Defendant-Appellee's counsel to "refrain from enforcing Judge Lyons July 21, 2011 order until this Court renders a decision on the pending emergent motion," and set up a briefing schedule for that motion.    Briefing on both the emergent motion and the appeal followed and is now complete.

8.  As an initial matter, it is clear as a matter of law that the Bankruptcy Judge lacked discretion to deny Appellants' request to file a bond pending appeal.  Federal Rule of Civil Procedure 62(d) expressly provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," and that rule is applicable to adversary proceedings in bankruptcy court.  See Federal Rule of Bankruptcy Procedure 7062 ("Rule 62 F.R.Civ.P. applies in adversary proceedings."); In re Trans World Airlines, Inc., 18 F.3d 208, 211 (3d Cir. 1994).  Under Rule 62(d), the appellant "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)."  American Mfrs. Mut. Ins. Co. v. American BroadcastingParamount, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966) (emphasis added); Montalvo v. Larchmont Farms, Inc., No. 06-2704, 2011 WL 6303247, *1 (D.N.J. Dec. 15, 2011).  The only thing discretionary about a Rule 62(d) application is whether to "waive the bond requirement in whole or in part."  Montalvo, 2011 WL 6303247 at *1.  Because Appellants offered to place the full $12,900

5

amount in escrow in the form of cash, there was no basis for the Bankruptcy Judge to deny Appellants' request, and the decision of the Bankruptcy Court is vacated.[1]

9. As for the additional $3,000 imposed, when reviewing a bankruptcy court's sanctions decision, the standard of review is determined by the nature of the issues presented on appeal. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 97 (3d Cir. 2008). Factual determinations reviewed on appeal should not be set aside unless found to be "clearly erroneous." In re Continental Airlines, 150 B.R. 334, 336 (D.Del. 1993) (citing Bankruptcy Rule 8013 and In re Morissey, 717 F.2d 100, 104 (3rd Cir. 1983)). A factfinder, rather than a reviewing body, is generally in a better position to make judgments about the reliability of evidence; specifically, the reviewing body only acts pursuant to a written record, while the factfinder is able to evaluate the credibility of a live witness. See Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 113 S.Ct. 2264, 2280, 124 L.Ed.2d 539 (1993). In turn, review of facts under the "clearly erroneous" standard is significantly deferential and requires a "definite and firm conviction that a mistake has been committed." Id.

Conversely, legal conclusions from the bankruptcy court "are subject to plenary review by the district court and are considered de novo on appeal." Continental, 150 B.R. 334 at 336; In re Schaefer, 542 F.3d at 97. Mixed findings of fact and conclusions of law must be treated separately,

---

[1] Defendant-Appellee argues that Appellants did not make a formal, written motion for a bond pending appeal. In my view, Appellants' oral request at the July 14, 2011 constituted an oral motion that was treated as such by the Bankruptcy Judge. Moreover, while Appellants did not cite specifically to Rule 62(d) in their oral motion, the depositing of cash into Mr. Oliver's trust account is the functional equivalent of a supersedeas bond which is defined as "any form of security, whether in the form of cash, property, or surety bond." Pharmacia Corp. v. Motor Carrier Services Corp., No. Civ. No. 04-3724 (GEB), 2008 WL 852255, at *4 (D.N.J. 2008) (quoting Black's Law Dictionary 1289 (5th ed. 1979). Consistent with the terms of Rule 62(d), however, the Bankruptcy Court could have required Appellants to post a cash-based supersedeas bond as opposed to depositing that cash into Mr. Oliver's trust account.

and the applicable standards-"clearly erroneous" or de novo-must be appropriately applied to each component.  Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992) (citing In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989) and Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102-03 (3d Cir. 1981)).  Ultimately, the question on review of a bankruptcy court's decision to impose sanctions is whether the bankruptcy court abused its discretion.  Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc., 57 F.3d 1215, 1223 (3d Cir. 1995).  The district court does not determine whether it would have imposed sanctions in the first instance. Id.

     10.  Bankruptcy Rule 9011(c) grants bankruptcy courts the authority to impose sanctions upon attorneys who fail to abide by Rule 9011's dictates.  Rule 9011 directs attorneys to, among other things, submit only those papers to the court that contain "claims, defenses, and other legal contentions therein [that] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal or existing law or the establishment of new law ...."  Where an attorney fails to do so, the Bankruptcy Court may impose sanctions after notice and a reasonable opportunity to respond.  See Bankr.Rule 9011(c).  Rule 9011 sanctions are intended to be applied in exceptional circumstances, such as where a claim is "patently unmeritorious or frivolous." Dura Sys., Inc., v. Rothbury Inv. Ltd., 886 F.2d 551, 556 (3d Cir. 1989); see Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010) (discussing analogous Fed.R.Civ.P. 11 standard).

     11.  Here, the Bankruptcy Court's order did not specify any basis for the $3,000 in sanctions other than its belief that Appellants should have previously paid the $12,900 sanctions order and that the Appellants were not entitled to a stay pending appeal.  While I found that there was sufficient basis for the Bankruptcy Court's February 16, 2010 sanctions order against Appellants, I find no

basis for the imposition of the additional $3,000 sanction here.  As I held supra, the Bankruptcy Court committed an error of law in refusing to grant Appellants' request to post a bond pursuant to Rule 62(d).  Even if the Bankruptcy Court did not agree that deposit into Mr. Oliver's trust account was the preferable depository, the court could have considered an alternative mechanism such as requiring that a supersedeas bond be posted with the Bankruptcy Court.  Accordingly, because Appellants were entitled to post a bond, and the Bankruptcy Court did not specify any further grounds in support of its sanctions order, I hold that the Bankruptcy Court abused its discretion in awarding the $3,000 in sanctions.  The Bankruptcy Court's July 21, 2011 order is, therefore, reversed and vacated.

12. For similar reasons, I grant Appellants' emergent motion to post cash in lieu of a supersedeas bond.[2]  Because the July 21, 2011 order imposing the additional $3,000 in sanctions is vacated, what remains is Appellants' appeal of my denial of their reconsideration motion related to the $12,900 February 16, 2010 sanctions.  Appellants are hereby granted leave to deposit $12,900 with the Clerk of the United States District Court.  Upon receipt of that deposit, Appellants are entitled to a stay of enforcement of this Court's June 1, 2011 order denying Appellants' motion for reconsideration, while their appeal to the Third Circuit is pending.  An appropriate Order shall follow.

---

[2] To be clear, while Appellants phrase their motion as requesting leave to post cash "in lieu of a supersedeas bond," a cash deposit is a type of supersedeas bond. See supra at 6, n.1.  "In order to make the other party whole, such a supersedeas bond must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." Pharmacia, 2008 WL 852255 at *4.  Here, Appellants' posting of the judgment amount is sufficient; I find it unnecessary for Appellants to post costs, interest, and damages for delay as Defendant-Appellee has not requested nor been awarded any of these additional amounts.  See id. (noting the Court's discretion as the amount of the bond).

        /s/ Freda L. Wolfson
    Freda L. Wolfson, U.S.D.J.

Dated: January 23, 2012